FILED
2026 Oct-13 PM 12:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JORDAN BONNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:26-cv-1288-EGL** |
| | ) | |
| **NAVY FEDERAL CREDIT UNION et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (Doc. 12). For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**[1]

Navy Federal Credit Union ("NFCU") reports an account belonging to Bonner as charged off with a balance of $4,008. Doc. 1-2 at ¶¶7–8. Bonner claims that he reviewed his credit reports and found "inaccuracies, inconsistencies, and incomplete information" on that account. *Id.* at 5 ¶2. He disputed it in writing, both with NFCU, and through various credit reporting agencies which forwarded the disputes to NFCU. *Id.* at 5 ¶2, 8 ¶9. Despite his disputes, the CRAs report different closure dates,

[1] Because Plaintiff is defending against a motion to dismiss, the Court accepts his well-pleaded factual allegations as true and construes them in the light most favorable to him. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

removal dates, amounts, and include differing dispute remarks relating to the account, resulting in damage to his credit. *Id.* at ¶¶13–29.

On June 16, 2026, Bonner sued Experian, Navy Federal Credit Union, Equifax Information Services, LLC, and Trans Union, LLC in the Circuit Court of Pickens County, Alabama. *See* Doc. 1-2 at 2, 4. Defendants removed the action on July 22, 2026. Doc. 1.

**STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Id.* Bonner did not respond to Experian's motion to dismiss, but the Court will still address the motion on its merits.

## ANALYSIS

Bonner alleges that Experian negligently and willfully violated the Fair Credit Reporting Act. Specifically, he claims that Experian (1) failed "to follow reasonable procedures to assure maximum possible accuracy in the preparation of [his] credit reports that [it] published to third parties;" and (2) "violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of [his] disputes." Doc. 1-2 at ¶¶47, 57.

Experian argues that Bonner's claims warrant dismissal because (1) he failed to allege any specific injury arising from the alleged FCRA injuries; and (2) he failed to properly plead his claims under §§ 1681e(b) and 1681i. Doc. 13 at 2. The Court addresses these arguments in turn.

### I. Standing

Experian contends that Bonner has not alleged that he suffered a concrete injury arising from its supposed FCRA violations, and that he therefore lacks standing. *Id.* at 3–5. Bonner claims that Navy Federal Credit Union inaccurately "reported [his] account as charged-off with an alleged balance of $4,008," Doc. 1-2 at ¶¶7–9, but Experian points out that the only thing tying it to that allegedly inaccurate report is Bonner's general allegation that various CRAs, including Experian, reported divergent close dates, charge-off amounts, and other dispute-related information concerning the tradeline, Doc. 13 at 3–5. Experian argues from this that Bonner "does not allege that Experian reported any inaccurate information"

and that the mere allegation of "discrepancies" is insufficient to show that Experian injured him. *Id.* at 5.

Bonner alleges he "reviewed the reporting of the Navy Federal account as it appeared on Experian" and other CRAs, Doc. 1-2 at ¶14, and found that "Experian … reports the account information differently than TransUnion and Equifax," *id.* at ¶15. While "Experian reports that the account is scheduled to remain on [Bonner's] credit report until January 2030," *id.* at ¶16, and categorizes the tradeline as "Completed investigation of FCRA dispute – consumer disagrees," other CRAs report different information, *id.* at ¶17. From this, he concludes that the CRAs either "failed to conduct a reasonable investigation" or "lack[] a single, complete, and verifiable account history." *Id.* at ¶21. Bonner further claims that "Consumer reports concerning [Bonner] were provided and sold to third parties for credit and underwriting purposes." *Id.* at ¶26. He says, "Defendants' reporting and reinvestigation failures" caused him to be "portrayed as a greater credit risk than he actually was." *Id.* at ¶27. This portrayal resulted in "damage to his credit reputation, loss of credit opportunities, increased costs of credit, frustration, emotional distress," and that he lost time and suffered expenses "to correct his consumer reports." *Id.* at ¶28.

Experian is correct that Bonner does not allege that it reported any inaccurate information, but that does not deprive him of standing. To have standing, a plaintiff

need only plead that he has been injured in a way fairly traceable to the defendant's conduct, and that the injury is redressable by the court; he need not plead that he will win, or facts suggesting he will. *Warth v. Seldin*, 422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal."); *Bell v. Hood*, 327 U.S. 678, 682 (1946) (Jurisdiction "is not defeated … by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").

Bonner claims that Experian's credit reports, alongside those of other CRAs, caused him to be denied credit and to suffer other distresses. Doc. 1-2 at ¶¶26–29. That is enough to constitute injury. Whether the report was inaccurate or Experian's procedures were reasonable are questions relevant only to whether Bonner has a valid claim. Accordingly, Experian's request to dismiss for lack of standing on this basis is due to be denied.

## II. Bonner's Claims

Experian next argues that Bonner failed to provide factual allegations sufficient to sustain his claims under §§ 1681e(b) and 1681i. Doc. 13 at 5–8. Experian is correct.

### A. Section 1681e(b)

"To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in

preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (citations omitted). Absent a showing of an inaccuracy, "the reasonableness of the reporting agency's procedures turns out not to matter." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020).

Bonner claims that Experian "violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of [his] credit reports that [it] published to third parties." Doc. 1-2 at ¶47. He does not substantiate this conclusory allegation with any specific factual allegations outlining what exactly those failures consisted of. And given the absence of any allegation that the information Experian reported was inaccurate, *see supra* at 3–5, Bonner's claims would still warrant dismissal even if he had properly alleged unreasonable procedures on Experian's part, *see Erickson*, 981 F.3d at 1251.

Accordingly, Bonner's claim under § 1681e(b) against Experian is due to be dismissed.

**B. Section 1681i**

"A plaintiff bringing a claim under § 1681i must allege facts describing how the consumer reporting agency failed in its reinvestigation duties." *Johnson v. Early Warning Servs., LLC*, No. 1:23-cv-5292, 2025 WL 4464139, at * 21 (N.D. Ga. Dec.

31, 2025), *report and recommendation adopted as modified*, 2026 WL 1096570 (N.D. Ga. Mar. 30, 2026) (citations omitted).

A plaintiff that merely alleges "that the reinvestigation was unreasonable because [the CRA] did not delete or modify all the disputed inquiries" fails to provide "sufficient factual content concerning how [the CRA] failed in its reinvestigation duties." *Id.*

Bonner's sole allegation related to his § 1681i claim against Experian is that it violated the statute "by failing to delete or modify disputed information that was found to be inaccurate, incomplete[,] or unverifiable." Doc. 1-2 at ¶60. Such an allegation is substantially identical to the one dismissed in *Johnson* and thus clearly fails to state a claim upon which relief might be granted.

Accordingly, Bonner's claim against Experian under § 1681i warrants dismissal.

## CONCLUSION

Experian Information Solutions, Inc.'s Motion to Dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**. Because Bonner fails to provide sufficient factual allegations to sustain his claims under §§ 1681e(b) and 1681i, they are **DISMISSED WITHOUT PREJUDICE** as to Experian.

**DONE** and **ORDERED** this 13th day of October, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE